```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JODI DARLENE DODSON,**

      Petitioner,

v.                             CIVIL ACTION NO. 1:10CV4
                               CRIMINAL NO. 1:08CR53-3
                                  (Judge Keeley)

**UNITED STATES OF AMERICA,**

      Respondent.


**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 21), DENYING MOTION TO VACATE (DKT. 1), AND DENYING AS MOOT MOTIONS TO QUASH SEARCH WARRANT (DKT. 7), FOR RELEASE PENDING APPEAL (DKT. 8), AND TO DENY EXTENSION, GRANT FURLOUGH, AND CONSIDER ALTERNATE SENTENCE (DKT. 24)**[1]

## I. INTRODUCTION

### A. Procedural History of this Petition

On January 8, 2010, petitioner Jodi Dodson ("Dodson"), by counsel, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody". Dodson asserts that she received ineffective assistance from her appointed trial attorney, Brian K. Carr ("Carr"), who coerced her into pleading guilty. After Dodson filed several additional motions pro se, United States Magistrate Judge David. J. Joel issued a Report and Recommendation ("R&R") concluding that the Court should deny

---

[1]Unless otherwise noted, citations in this Memorandum Opinion and Order are to the docket in Civ. Action No. 1:10CV4.

**DODSON v. USA**                                                    **1:10CV4**

### MEMORANDUM OPINION AND ORDER

Dodson relief and dismiss her claims with prejudice. Dodson's attorney in this habeas action filed timely objections. Several months later, Dodson, acting pro se, filed additional documents purporting to be supplemental objections to the R&R.

Even if the Court were obliged to credit Dodson's untimely objections that were not filed through her current attorney, they are without merit. This Memorandum Opinion and Order therefore reviews the R&R and Dodson's properly filed objections, adopts Magistrate Judge Joel's R&R in its entirety, denies Dodson's pro se motions as moot, and dismisses this petition with prejudice.

**B. Factual Background and Underlying Criminal Case**

**1.   Plea Hearing**

On July 1, 2008, a grand jury in this District indicted Dodson on twelve counts for drug-related offenses. On October 7, 2008, pursuant to a plea agreement she entered a plea of guilty to one count of knowingly and intentionally possessing or distributing a listed chemical knowing, or having reasonable cause to believe, that the listed chemical would be used to manufacture a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Crim. Action No. 1:08CR5 (dkt. 104).

**DODSON v. USA**                                                                                              **1:10CV4**

**MEMORANDUM OPINION AND ORDER**

    **2.    Sentencing Hearing**

At Dodson's sentencing hearing on January 9, 2009, the Court found that her Total Offense Level was a Level Twenty-Three (23) (a Base Offense Level 26 minus three levels for timely acceptance of responsibility). Transcript of Sentencing Hearing at 10-11, Crim. Action No. 1:08CR53 (dkt. 203). With a Criminal History Category of I, Dodson's advisory Guidelines sentencing range was forty-six (46) to seventy-five (75) months of incarceration. Id. at 10. After being advised of her right to allocute, Dodson declined and offered no objections to the information in the PSR. Id. at 4.

Carr had previously submitted a sentencing memorandum arguing for a variance, the grounds for which the Court addressed and rejected before determining a reasonable sentence in Dodson's case. Id. at 19-20. After considering the statutory factors under § 3553(a), the Court sentenced Dodson to forty-six (46) months of incarceration, the lowest end of the advisory Guidelines range.

The Court then advised Dodson that she had waived her right to appeal or collaterally attack her sentence in her plea agreement, but that if she believed she had a basis for an appeal that was not covered by her waiver, she would need to file a notice of her intent to appeal within ten (10) days of the entry of her judgment and commitment order. Id. at 35.

**DODSON v. USA**                                                              **1:10CV4**

**MEMORANDUM OPINION AND ORDER**

**II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 18, 2010, Magistrate Judge Joel issued an R&R recommending that the Court grant the government's motion to dismiss, deny Dodson's § 2255 motion, and dismiss the case with prejudice. The R&R concluded that, by the terms of her plea agreement, Dodson had validly waived her right to collaterally attack her sentence through a habeas petition.

Specifically, Magistrate Judge Joel found that, because the Court had conducted a thorough Rule 11 colloquy during her plea hearing, Dodson's waiver of her right to collaterally attack her conviction was knowing, intelligent and voluntary. See United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994). He also found that Dodson's valid waiver barred her claims of ineffective assistance of counsel as to acts arising prior to the plea hearing.

As to those claims falling outside the scope of Dodson's waiver, Magistrate Judge Joel concluded that, although not within the scope of her waiver, they lacked any merit. Dodson asserted that Carr did not review the PSR before the sentencing hearing, did not object to the plea agreement's stipulations at the sentencing hearing, and did not file an appeal. Magistrate Judge Joel, however, found that Dodson had failed to present any evidence

4


**DODSON v. USA**                                                                                    **1:10CV4**

**MEMORANDUM OPINION AND ORDER**

supporting the merit of her claims. Accordingly, he recommended that the Court deny Dodson's § 2255 motion, deny her other claims as moot, and dismiss her case with prejudice from the Court's docket.

On December 3, 2010, Dodson, through her attorney, Elgin McCardle, filed objections to the R&R, contending that, prior to Dodson's Rule 11 hearing, Carr had failed to investigate her defenses, the Court had failed to address Carr's inadequacies, and she had been coerced into pleading guilty. On July 18, 2011, Dodson filed a pro se document objecting to Magistrate Judge Joel's R&R.

### III. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the report to which a specific objection is made. 28 U.S.C. § 636(b)(1). The specific objection must "reasonably . . . alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court may adopt without explanation any of the magistrate judge's recommendations to which no objections are filed. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### IV. APPLICABLE LAW

A criminal defendant may waive her right to collaterally attack her conviction and sentence so long as the waiver is knowing

**DODSON v. USA**  1:10CV4

**MEMORANDUM OPINION AND ORDER**

and voluntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Courts examine a collateral attack waiver for its validity and scope. See e.g., Attar, 38 F.3d at 731 (holding that a waiver will be enforced if the it is valid and the claim raised on appeal is within the scope of the waiver).

### A. Validity of the Waiver

When evaluating the validity of a plea and waiver, a Court must focus on the petitioner's sworn statements during the plea hearing. The Fourth Circuit has held that "[a] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity," and, therefore, "present[] a formidable barrier in any subsequent collateral proceedings." Lemaster, 403 F.3d at 221 (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)(internal quotations omitted)).

According to the Fourth Circuit,

> [t]he validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on the adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver -- the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

**DODSON v. USA**                                                                 **1:10CV4**

**MEMORANDUM OPINION AND ORDER**
_____

Blick, 408 F.3d at 169 (internal citations and quotations omitted).

Furthermore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). Consequently, when a district court finds that the petitioner's allegations in a § 2255 petition contradict her sworn statements, it may dismiss the petition without conducting an evidentiary hearing. Lemaster, 403 F.3d at 222.

### B. Scope of the Waiver

When a petitioner's waiver is valid, a court must determine whether the claims giving rise to the petition are outside the scope of the waiver. Claims of ineffective assistance of counsel are barred by a valid waiver and may be dismissed if the claims occurred prior to the defendant's entry of a guilty plea. Attar, 38 F.3d at 732. Claims of ineffective assistance of counsel arising after entry of the guilty plea, however, are not barred by a valid waiver and must be reviewed on their merits. Lemaster, 403 F.3d at 220.

**DODSON v. USA**                                                              **1:10CV4**

**MEMORANDUM OPINION AND ORDER**
---

**V. ANALYSIS**

**A. Dodson's Claims Prior to Entry of her Guilty Plea are Barred.**

Dodson objects to the R&R on the basis that she did not have adequate assistance during her plea hearing. She insists that Carr failed to provide her the assistance necessary as to make the Rule 11 hearing legally inadequate Because she specifically objects to this portion of the R&R, the Court will review the issue <u>de novo</u>. 28 U.S.C. § 636(b)(1).

The record in this case does not support Dodson's assertions. After hearing the AUSA summarize her plea agreement, Dodson answered that she understood and agreed with its terms.

> THE COURT: All right. And same question to you – questions to you, Ms. Dodson. Did you understand and agree with the terms of the plea agreement as summarized by the Government?
>
> DEFENDANT JODI DODSON: Yes, Your Honor.

<u>Transcript of Plea Hearing</u> at 26.

The Court then proceeded to explain to Dodson that she had waived her right to file an appeal and a habeas petition, after which Dodson affirmed she understood that she had done so. <u>Id.</u> at 38-44. In particular, the Court confirmed that Dodson understood she was giving up her right to appeal or to file a collateral

**DODSON v. USA**                                                                1:10CV4

**MEMORANDUM OPINION AND ORDER**

attack if she was sentenced using a Base Offense Level of 26 or less:

> THE COURT: . . . That's what I'm trying to emphasize to you here. You can't go to the higher court or come back to me if your base offense level is a 32, Mr. King, so you're foreclosed, you're cut off.
>
> DEFENDANT KING: Yes.
>
> THE COURT: And, Ms. Dodson, you can't do it; you're foreclosed or cut off at 26. The same for you, Mr. Dodson. Do you understand that?
>
> DEFENDANT JODI DODSON: Yes.

Id. at 26.

The Court continued to describe the process of the knowing and voluntary waiver of her constitutional rights by a plea of guilty, and of her appeal and collateral attack rights, under the terms of her plea agreement. At the end of all of that, the Court stated:

> THE COURT: . . . Moreover, under the terms of your plea agreement, by pleading guilty, you're giving up your right to appeal and you're giving up your habeas rights at the levels I mentioned to you. Were you [sic] go to trial, they'd be wide open. You could appeal everything. Do you understand, Mr. King?
>
> DEFENDANT KING: Yes.
>
> THE COURT: Do you understand, Ms. Dodson?
>
> DEFENDANT JODI DODSON: Yes.

Id. at 44.

**DODSON v. USA**                                                                       **1:10CV4**

**MEMORANDUM OPINION AND ORDER**

Soon thereafter, the Court determined that Dodson was "competent and capable of entering an informed plea," that her plea was "freely and voluntarily" made, that she was "aware of the consequences" of the plea, and that there was a basis of fact for the plea. Id. at 59.

This record establishes beyond per adventure that Dodson knowingly and voluntarily waived her right to collaterally attack her sentence by a § 2255 petition. There is no evidence establishing that she did not understand the waiver provision in her plea agreement. To the contrary, she affirmed her understanding that, under the terms of her agreement, if the Court sentenced her using a Base Offense Level of 26 she was precluded from filing this petition.

Dodson also alleges that she received ineffective assistance because Carr failed to advise her appropriately of all of her rights and about her case and the strategy for pleading guilty, all factors that contributed to her entering a guilty plea. The record, however, does not support an argument that Carr failed to adequately represent Dodson.

> THE COURT: All right. The same questions to you, Ms. Dodson, did anybody threaten or force you into the plea you've tendered here today?
>
> DEFENDANT JODI DODSON: No.

**DODSON v. USA**                                                      **1:10CV4**

**MEMORANDUM OPINION AND ORDER**

> THE COURT: Is this plea the result of any promises other than the terms of the plea agreement between you and the Government?
>
> DEFENDANT JODI DODSON: No.

<u>Transcript of Plea Hearing</u> at 56.

Before accepting Dodson's guilty plea, the Court discussed the following with Dodson:

> THE COURT: Thank you . . . first, Ms. Dodson, did your attorney, Mr. Carr, adequately represent you in this matter?
>
> DEFENDANT JODI DODSON: Yes.
>
> THE COURT: Did he leave anything undone that you thought he should have undertaken to defend you in the case?
>
> DEFENDANT JODI DODSON: No.
>
> THE COURT: Did he share the discovery with you?
>
> DEFENDANT JODI DODSON: Yes.
>
> THE COURT: And did he discuss the pros and cons of going to trial versus a plea in this case?
>
> DEFENDANT JODI DODSON: Yes.
>
> THE COURT: And, Mr. Carr, were you able to find any defense to the charge in the case?
>
> MR. CARR: Your Honor, we had discussed between Mr. Dillon and myself what the clients' defense would be and I want the record to be clear that having gone through the ins and outs of that possible defense we determined that it would not have been sufficient to adequately defend the clients and we recommended that they accept the plea agreement.

<u>Id.</u> at 58.

**DODSON v. USA**                                                              **1:10CV4**

**MEMORANDUM OPINION AND ORDER**

---

Even if her claims were not barred, given the totality of the circumstances Dodson has provided no evidence contradicting the presumption that Carr's performance was within the range of an objective standard of reasonableness under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). She merely states that Carr failed to investigate her innocence. No facts indicate that the disposition of her case is the result of any actions or inactions on Carr's part. Dodson's bald assertions alone do not provide a sound basis on which to grant an evidentiary hearing.

Moreover, because Dodson's claims that Carr did not sufficiently advise her regarding the strategy of pleading guilty relate to matters that occurred prior to her plea hearing, Dodson's valid waiver bars her claim of ineffective assistance of counsel prior to the plea hearing. <u>Attar</u>, 38 F.3d at 732.

**B. Dodson Did Not File Any Proper Objections to Her Post-Plea Ineffective Assistance of Counsel Claims.**

In the objections to the R&R that were properly filed, Dodson's counsel does not address any claims of ineffective assistance of counsel arising after the plea hearing, whether at the sentencing hearing or with regard to any appeal. She only claims that Dodson would not have entered a guilty plea at all had she received effective assistance. Thus, the Court adopts the

**DODSON v. USA** 1:10CV4

MEMORANDUM OPINION AND ORDER

conclusions in the R&R as to those claims. Even if the Court were required to consider Dodson's pro se objections filed on July 18, 2011, however, those claims are without merit.

**C.   Dodson's Additional Claims are Moot.**

In the R&R, the magistrate judge found that the following claims were moot:

1) Petitioner's pro se Motion to Quash Search Warrant and Suppress Fruits of Search Seeking to Engage in Civil Discovery to Aid Attack on the Search Warrant: Dismissal of Indictment (dkt. 7);

2) Petitioner's pro se Motion for Release Pending Appeal (dkt. 8);

3) Dodson's request for an evidentiary hearing to challenge the prosecution's decision to oppose the grant of a downward departure and safety valve reduction;

4) her contingent request, upon the granting of the evidentiary hearing, for "the reassignment of [the] sentencing judge" for potential bias;

5) her request that her plea be vacated and her "sentence be remanded;"

6) upon the "remand" of her sentence, her request to challenge the basis for sentencing;

13

**DODSON v. USA**                                                      **1:10CV4**

MEMORANDUM OPINION AND ORDER

7) her request that the evidence be reviewed, to determine what action to take regarding "malicious investigation" and "malicious prosecution;" and

8) her request that the indictment be dismissed.

In her properly filed objections to the R&R, Dodson's counsel did not specifically object to these recommendations, and the Court can find no fault with Magistrate Judge Joel's conclusions.

**VI. CONCLUSION**

After <u>de novo</u> consideration of the matters to which Dodson has raised a proper objection, the Court concludes that her grounds for habeas relief are barred in large part by her waiver, and without merit in any event. Accordingly, the Court **DENIES** Dodson's § 2255 motion (dkt. 1) and **ADOPTS** the Magistrate Judge's R&R (dkt. no. 21) in its entirety. The Court **DENIES AS MOOT** Dodson's motion to quash search warrant (dkt. 7) and motion for release (dkt. 8). Because the Court denies Dodson's § 2255 motion, it also **DENIES AS MOOT** Dodson's motion to deny the government's time extension, permission to furlough, and consideration of alternate sentence (dkt. 24). The Court **DISMISSES** this petition **WITH PREJUDICE**. Finding no colorable issue of a constitutional dimension, the Court **DENIES** a certificate of appealability.

It is so **ORDERED**.

**DODSON v. USA**                                                       **1:10CV4**

**MEMORANDUM OPINION AND ORDER**

The Clerk is directed to transmit copies of this Order to counsel of record, the petitioner via certified mail, and all appropriate agencies.

DATED: August 26, 2011.

                                         /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE